United States District Court
Southern District of Texas
FILED

APR 2 2 2011

David J. Bradley, Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CASING SERVICES & EQUIPMENT, | § | CASE NO. 10-36130-H1-11 |
| INC. | § | |
| Debtor | § | |
| | § | |

### MOTION FOR RELIEF FROM STAY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Phillip Jay Ruiz (hereinafter referred to as "Movant") and files this Motion for Relief from Stay relating to bankruptcy proceedings of Casing Services & Equipment, Inc. (hereinafter referred to as "Debtor"), and in support thereof would respectfully show the Court as follows:

I.

On July 23, 2010, Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Untied States Bankruptcy Code in the Untied States Bankruptcy Court for the Southern District of Texas, Houston Division. Pursuant to the provision of 11 U.S.C. S. 362, the filing of Debtor's Petition operated as an automatic stay against Movant's rights as a creditor to proceed against Debtor.

II.

Prior to the filing of Debtor's Bankruptcy Petition, Movant had filed suit against Casing Services & Equipment Inc. for damages sustained by Movant on or about September 4, 2008 as a result of an accident where one of its employees, Mark A. Peyton, acting in the course and scope of employment, collided with a vehicle operated by Movant. That cause is currently under Cause No. 2010-2369-4, in the 170th Judicial District Court of McLennan County, Texas.

*MOTION FOR RELIEF FROM STAY*

III.

Movant understands that Debtor, Casing Services & Equipment, Inc. had a policy of insurance in force at the time of the accident which could be used to satisfy Plaintiff's damages, but he must proceed with his cause of action in order to recover those insurance proceeds. See Exhibit "A" attached. Moreover, the automatic stay is preventing the Movant from completing discovery in Cause No. 2010-2369-4, which is delaying Movant's access to legal remedies.

IV.

Continuation of the Automatic Stay of 11 U.S.C. S. 362 will work a real, irreparable, and material harm to Movant and will deprive Movant of the adequate protection to which he is entitled under 11 U.S.C. S. 362 & 363 for the reason, among others, that Debtor, Casing Services & Equipment, Inc. has insurance coverage to which Movant is entitled, and to deny him the right to proceed with his action is to deny him the right to obtain those insurance proceeds which are not a portion of said Debtor's estate and are not necessarily more available to effect any plan for payment of creditors.

WHEREFORE, PREMISES CONSIDERED, Movant requests that upon final hearing hereof the Court enter an Order modifying the automatic stay as to allow him to continue with prosecution of his cause of action currently pending under Cause No. 2010-2369-4 in the 170th Judicial District Court of McLennan County, Texas, and for such other and further relief to which he may show himself justly entitled.

Respectfully Submitted,

LAW OFFICE OF RICHARD E. WARD
749 North Main Street
Fort Worth, Texas 76164

*MOTION FOR RELIEF FROM STAY*

(817) 740-1900
(817) 870-2295 FAX

By: _____

RICHARD E. WARD
State Bar No. 20846000
ATTORNEY FOR PLAINTIFF
PHILLIP JAY RUIZ

## CERTIFICATE OF SERVICE

I, RICHARD E. WARD, do hereby certify that a true and correct copy of the foregoing instrument was forwarded to counsel for the Defendant, Margaret Maxwell McClure, 909 Fannin, Suite 13810, Houston, Texas 77010, this 18 day of April, 2011, pursuant to the Federal Rules of Civil Procedure.

_____
RICHARD E. WARD

CAUSE NO. 2010-2369-4

| | | |
|---|---|---|
| PHILLIP JAY RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | McLENNAN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| MARK A. PEYTON AND CASING | § | |
| SERVICES & EQUIPMENT, INC. | § | 170TH JUDICIAL DISTRICT |

## RULE 11 AGREEMENT

It is stipulated by and between the Parties Mark A. Peyton, Casing Services and

Equipment, Inc. and Phillip Ruiz that at the time of the motor vehicle collision in question,

involving Mark A. Peyton and Phillip Ruiz, Defendants were insured by Policy No. AS1-641-

438431-038 issued by Liberty Mutual Insurance Company with liability limits of $1,000.000.00.

This policy was in full force and effect on the date of the collision and no reservation of

rights has been asserted.

_____
Richard E. Ward, Attorney for Plaintiff

_____
Jerry P. Campbell, Attorney for Defendants

*Rule 11 Agreement*

EXHIBIT
A

1