IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | |
| CASING SERVICES & | § | 10-36130-H1-11 |
| EQUIPMENT, INC., | § | |
| DEBTOR | § | Chapter 11 |

**DEBTOR'S EMERGENCY MOTION FOR EXTENSION
OF THE DEADLINE FOR FILING ITS SMALL BUSINESS
DISCLOSURE STATEMENT AND PLAN**

IF YOU WANT A HEARING ON THE FOLLOWING MOTION, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS MOTION. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND SEND A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE MOTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED THEREIN.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

EMERGENCY CONSIDERATION IS REQUESTED

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW CASING SERVICES & EQUIPMENT, INC., Debtor, and files this its Motion for Extension of the May 19, 2011, deadline to file its small business disclosure statement and plan of reorganization under § 1121 of the United States Bankruptcy Code, and for grounds states as follows:

This motion is an emergency because under 11 U.S.C. § 1121(e)(2), the small business disclosure statement and plan "shall be filed not later than 300 days after the date of the order for relief...." The Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on July 23, 2010, and the 300th day is May 19, 2011.

Pursuant to 11 U.S.C. 1121(e)(3), the Court may extend the time fixed in Section 1121(e)(2) if the Debtor demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time, a new deadline is imposed at the time the extension is granted, and the order extending time is signed before the existing deadline has expired.

The Debtor believes that it can demonstrate that it is more likely than not that the court will confirm a plan within a reasonable period of time. The Debtor is only requesting a short extension of the 300-day deadline to and including June 30, 2011.

A majority of the Board of Directors of the Debtor, including the Chairman of the Board, Michael Jayson, has authorized the filing of this motion.

The disclosure statement and plan are being prepared by the Debtor, with the assistance and direction of the Chairman of the Board, Michael Jayson, along with the undersigned counsel. However, Mr. Jayson had out-of-town business for a week and is returning tomorrow, April 28, 2011; the attorney advising a portion of the Board, James Jones, is leaving the Country on May 1, 2011, and will not be returning until May 19, 2011 and the undersigned counsel will be out of State from May 13, 2011 through May 16, 2011.

Even without these absences, now that the Debtor has a 7-person board of directors, with five attorneys approving, recommending or just discussing all transactions involving the Debtor,

it is not likely that the final draft of the small business disclosure statement and plan of reorganization can be circulated and the undersigned counsel receive Board approval to file these documents by the § 1121(e)(2) deadline of May 19, 2011.

In addition, the Court approved accountant, John Coggin, is preparing the 2010 income tax return for the Debtor and has discovered that he needs to amend the 2009 income tax return. The former accountant for the Debtor is a creditor, and is refusing to turn over the work papers regarding the 2009 income tax return, which is delaying Mr. Coggin's completion of the amended income tax return.  Even though Mr. Coggin believes that there will not be additional income taxes due based on the amendment, out of an abundance of caution, it appears prudent to delay the filing of the disclosure statement and plan until after all tax returns have been completed.

This motion is not just brought for delay but so justice may be served.

WHEREFORE, premises considered, CASING SERVICES & EQUIPMENT, INC. respectfully moves this Court to grant this motion.

Respectfully submitted,

   /s/ Margaret M. McClure
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (fax)
margaret@mmmcclurelaw.com (e-mail)

ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served either electronically or by U.S. Mail on this the 27th day of April, 2011.

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE