UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
NANCY  L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, TX  77002
Telephone:     (713) 718-4650
Fax:    (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| CASING SERVICES & EQUIPMENT, INC. | § | CASE NO. 10-36130-H1-11 |
| | § | |
| Debtor | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**DEBTOR'S EMERGENCY MOTION FOR EXTENSION OF THE DEADLINE FOR**
**FILING ITS SMALL BUSINESS DISCLOSURE STATEMENT AND PLAN**
**(DOCKET #128)**

TO:    HONORABLE  MARVIN ISGUR
        UNITED STATES BANKRUPTCY JUDGE

COMES NOW, JUDY A. ROBBINS, UNITED STATES TRUSTEE FOR THE

SOUTHERN DISTRICT OF TEXAS  ("UST") through the undersigned in furtherance  of her

administrative duties and files this objection to the DEBTOR'S EMERGENCY MOTION FOR

EXTENSION OF THE DEADLINE FOR FILING ITS SMALL BUSINESS DISCLOSURE

STATEMENT AND PLAN (DOCKET #128)("Motion For Extension").  In support of this

objection, the UST would respectfully state as follows:

1.      Judy A. Robbins is the United States Trustee for the Southern and Western Districts of

Texas.

2.      The UST is an officer of  the United States Department of Justice.  28 U.S.C. §581.  Her

duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307,  and throughout the Bankruptcy Code. 11

U.S.C. §101 et. seq.

3.      One significant responsibility of the UST is to supervise the administration of cases under Chapter 11 of the Bankruptcy Code.  28 U.S.C. §586.  Specifically, the UST is charged in 11 U.S.C. §586 with: (B) monitoring the progress of cases under title 11; (G) monitoring the progress of cases under title 11 and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress; and (H) in small business cases, performing the additional duties specified in title 11 pertaining to such cases. Id.

4.      The Debtor's Motion for Extension claims that it can show by a preponderance of the evidence that it is more likely than not that the Court will confirm a plan within a reasonable period of time.  The UST does not believe that this Debtor will be able to meet such a high burden of proof.

5.      The history of this case has been extremely contentious.  Disputing parties have included the widows of the Debtor's two former partners which threatened to disable the Debtor until this Court forced the parties to agree to the ownership of the Debtor and to the selection of a 7th Board Member to resolve internal management disputes in lieu of the appointment of a trustee. This controversy monopolized the first three months of this case.  It is unknown to the undersigned whether internal operating disputes have been resolved.

6.      The last monthly operating report filed for the Debtor appears to be for the month of February (although it states January on the first page and on the docket entry).  The report for March was due April 20, 2011, and has not been filed as of the date of this response.

7.      The Debtor now complains about an inability to have access to its 2009 income tax records, but has not filed a turnover action to resolve this dispute with the Debtor's former accountant.

8.      The Debtor cites various vacation schedules as the reason that counsel is unable to produce a disclosure statement and plan.  If such reasons constitute exigent circumstances for extension of the 300 day deadline established by 11 U.S.C. §1121(e), then any debtor's counsel who delays preparation of a disclosure statement and plan until within 30 days of the deadline will qualify.  Granting an extension of the 300 day deadline for such reasons would abrogate this provision of the Bankruptcy Code and the rationale behind it.

9.      In Safeguard-RX, Inc., #08-31522-H3-11, Attorney Margaret McClure, Debtor's Counsel, filed a plan and disclosure statement 291 days after the petition date on December 20, 2008.  Confirmation of the plan was scheduled for January 27, 2009, and continued to February 9, 2009.  On JANUARY 7, 2009,  McClure then filed a motion for extension of the deadlines under 11 U.S.C. §§1121(e)(3) and 1129(e) to file the plan and a disclosure statement and to obtain confirmation of the plan until April 30, 2009.  Even with a plan and disclosure statement on file, Judge Letitia Paul denied the motion for extension finding the Debtor not to have met its burden of proof that it was more likely than not that a plan would be confirmed within a reasonable time because the plan proposed only a hope and not a resolution of the disputes between the Debtor and its landlord.  2009 WL 249767.  Judge Paul stated that "(i)n a small business case, the Debtor and Debtor's counsel must move expeditiously to ensure that the deadlines under the Bankruptcy Code are met." _Id_.

10.     In Florida Coastal Airlines, Inc. 361 B.R. 286 (SD FL 2007), the Debtor filed a disclosure statement and plan 200 days after filing and an amended disclosure statement and plan 317 days and after changed regulatory circumstances, invoking the "relation back" theory.

11.     Because the Debtor has not demonstrated any attempt to meet the deadlines established under 11 U.S.C. §1121(e), has stated no exigent circumstances for failure to do so, and has stated

no factual basis for believing that a plan could be expeditiously confirmed in this historically litigious case, the UST would argue that the Debtor's motion for extension of the 300 day deadline should be denied.  In the alternative, the UST would argue that a hearing should be scheduled before May 18, 2010 and the Debtor should be put to its proof.

WHEREFORE, THE UNITED STATES TRUSTEE PRAYS THAT this Court deny the Debtor's request for an extension of the 300 day deadline in this case.

DATED this the 2nd day of May, 2011.

JUDY A. ROBBINS
UNITED STATES TRUSTEE

*/s/ Nancy L. Holley*
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX   77002
(713) 718-4650 x232
FAX (713) 718-4670

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the UNITED STATES TRUSTEE'S OBJECTION TODEBTOR'S EMERGENCY MOTION FOR EXTENSION OF THE DEAD-LINE FOR FILING ITS SMALL BUSINESS DISCLOSURE STATEMENT AND PLAN (DOCKET #128) has been served upon the Debtor,  Debtor's counsel, and to all parties requesting notice by ECF transmission or by first class mail at the addresses listed below on the 2nd  day of May, 2011.

*/s/ Nancy L. Holley*
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX   77002
(713) 718-4650
FAX (713) 718-4680

**Debtor**

Casing Services & Equipment, Inc.
P.O. Box 691770
Houston, TX 77269-1770

**Debtor's  Counsel**

Margaret Maxwell McClure
Attorney at Law
909 Fannin
Suite 3810
Houston, TX 77010

**Parties Requesting Notice and Interested Parties from Matrix**

Harris County, et al
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, Tx 77253-3064

JPMorgan Chase Bank, N.A.
c/o Mr. Bruce J. Ruzinsky
Jackson Walker, L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010

Phil F. Snow

Holly C. Hamm
Snow Fogel Spence LLP
2929 Allen Parkway, Suite 4100
Houston, TX   77019

Allison D. Byman
333 Clay St., Suite 3300
Houston, TX   77002-4499